**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | |
|---|---|
| Caitlynn N. Sullivan,<br><br>                    Plaintiff,<br><br>v.<br><br>Green Apple, LLC,<br><br>                    Defendant. | **COMPLAINT**<br>(Jury Trial Demanded) |

EMPLOYMENT CASE

Plaintiff, complaining of Defendant herein, would respectfully allege as follows:

PARTIES & JURISDICTION

1.      Plaintiff, Caitlynn N. Sullivan, ("Plaintiff") is a citizen and resident of South Carolina.

2.      Defendant, Green Apple, LLC, is a North Carolina corporation that owns and operates Applebee's Restaurant franchises in multiple states including South Carolina. The Defendant operates multiple Applebee's Restaurant franchises included an Applebee's Restaurant located in Rock Hill, SC. The Defendant operates and does business as The Apple Gold Group with offices located at 170 Wind Chime Court, Raleigh, NC.

3.      The Defendant employed the Plaintiff in South Carolina.

4.      This action arises under Title VII of the 1964 Civil Rights Act, and amendments thereto, 42 U.S.C. 2000e *et seq*. ("Title VII"), and the laws of the state of South Carolina.

5.      Plaintiff filed charges with the United States Equal Employment Opportunity Commission (EEOC Charge No. 436-2016-00144), received her Notice of Right to Sue on May 6, 2016, and this action is timely filed within the 90 day time period.

6. Defendant has a sufficient number of employees to be subject to liability under Title VII.

7. Venue is proper in this division because Plaintiff was employed by the Defendant in this division and the majority of the acts giving rise to this action occurred in the Rock Hill Division.

8. Federal Jurisdiction is appropriate because these claims arise under federal law. 28 U.S.C. § 1331. The state claims are allowed under supplemental jurisdiction.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendant at their Applebee's Restaurant Franchise in Rock Hill, SC as a server until her termination on or about July 2, 2016.

10. Plaintiff met or exceeded her employment duties, and she had no previous written corrective actions as an employee of the Defendant until her termination.

11. Plaintiff only recently turned 18 years old when she began employment.

12. Since becoming employed, the Plaintiff was subjected to sexual and inappropriate conduct and comments. Plaintiff was called "jailbait" by other employees, which is a sexual innuendo inferring one's desire to have sexual relations but concern about her young age. Plaintiff was also subjected to forced hugs, had her buttocks slapped and grabbed, and endured other sexual comments including but not limited to how nice her butt moved and how good she looked.

13. The aforementioned conduct was unwanted and the Plaintiff made it known it was unwanted. Plaintiff also made comments to her manager, Greg, starting in December 2014 and continuing. Greg would essentially tell the Plaintiff that such conduct is just part of the food service industry and she needs to get over it.

14. In January 2015, Plaintiff was slapped on the buttocks by a cook and another employee comments how nicely her backside moved. Also in January 2015, the Plaintiff served a table that smelled of marijuana. Plaintiff broke out in a rash on her neck, arms and chest and she had shortness of breath. Plaintiff's manager, Greg, sent her home as she was ill and he said she can serve other tables to avoid the reaction in the future.

15. The conduct continued and in April 2015, the Plaintiff again broke out in the rash and shortness of breath. She complained to her manager, Greg, that she was concerned about the reaction and she could no longer handle the sexual harassment and being called jailbait. Greg sent Plaintiff home to relax until they set up a meeting.

16. Approximately a week later, Plaintiff met with the Store Manager, Brian Gombar, and the District Manager, David Peterson. Plaintiff complained of the sexual harassment and other improper activities she witnessed at the restaurant. She was told she did nothing wrong and they alleged they did not want to lose her and would even give her a raise and transfer and make sure she did not have to work the same shift as two male employees who sexually harassed her. Plaintiff was told they would investigate and get back to her within a week.

17. Plaintiff called David Peterson after two weeks, and he said it will take more time. She called Mr. Peterson again a about a week later and he said Apple Gold is going to handle it.

18. Plaintiff was called into a meeting on June 17, 2015 with Jennifer Williams, Senior Human Resources Generalist for Defendant, and Ms. Williams' intern. Plaintiff gave them a written complaint outlining many of the items she previously discussed in the prior meeting. Ms. Williams said they would investigate.

19. On July 2, 2016, Ms. Williams called Plaintiff and alleged the investigation was inconclusive and she accused Plaintiff of making racial remarks to coworkers and customers. Plaintiff denied the allegations of racial misconduct, which are false and pretextual.

20. Plaintiff received a letter dated July 6, 2016 from Ms. Williams terminating her employment on the alleged basis that Plaintiff made racial comments and actions.

21. Based on information and belief, the Plaintiff was subjected to a hostile work environment and then was terminated in retaliation for complaining of such conduct. The reasons given for her termination are false and pretextual and used by Defendant to hide their true discriminatory and retaliatory motives. Defendant's conduct amounts to gender discrimination and retaliation in violation of Title VII.

### FOR A FIRST CAUSE OF ACTION
### (Gender Discrimination in violation of Title VII)

22. Where not inconsistent herewith, the foregoing are realleged paragraphs.

23. Plaintiff is a female, and a former employee of Defendant.

24. Plaintiff was subjected to a sexually harassment and a sexually hostile work environment during her employment by employees of Defendant. Such conduct was severe and pervasive, and it affected the conditions of Plaintiff's employment and created an abusive and hostile work environment.

25. The sexual harassment included sexually inappropriate comments such as referring to the Plaintiff as "jailbait" and making sexually suggestive comments about Plaintiff's appearance such as inappropriate comments about her buttocks. The sexual harassment also included unwanted touching by coworkers including forced hugs, having her buttocks groped and slapped and similar inappropriate physical contact.

26. Plaintiff reported the sexual harassment, on the basis of gender, to her then supervisor, Greg, as well as to the Store Manager, District Manager and Human Resources personnel.

27. Defendant took no meaningful action to remediate the sexual harassment.

28. Rather, Defendant took an inordinate amount of time to allegedly perform an investigation, which they then used as an excuse to terminate Plaintiff for false and pretextual reasons.

29. Plaintiff was terminated on the stated basis that she made racially derogatory comments and refused to interact with certain customers based on race. Plaintiff performed her job aptly and Defendant's stated reason for termination is false and pretextual and designed to cover up their discriminatory and retaliatory motives.

30. Defendant has a history, pattern, or practice of gender discrimination toward females and treating males better, Plaintiff's termination was motivated and/or based on her gender, and Defendant's conduct toward her was willful and wanton.

31. Plaintiff was subjected to gender discrimination, sexual harassment and a hostile work environment on the basis of her gender. Such actions by Defendant are in violation of Title VII of the 1964 Civil Rights Act, and amendments thereto, 42 U.S.C. 2000e *et seq*.

32. Defendant's violations of Plaintiff's Civil Rights under Title VII proximately caused her damages including: loss of salary and benefits, loss of earning capacity and future earnings, back pay, front pay, and other benefits, as well as reputational loss and mental and emotional suffering. Further, Defendant's conduct was willful and wanton and Plaintiff is entitled to punitive damages for the same. Plaintiff also requests pre-judgment interest and attorney's fees and costs of this action, and any other legal and equitable remedies available under the law.

**FOR A SECOND CAUSE OF ACTION**
**(Retaliation in violation of Title VII)**

33. Where not inconsistent herewith, Plaintiff realleges the foregoing paragraphs.

34. Plaintiff engaged in protected activity when she complained that she was being sexually harassed by her coworkers.

35. Following Plaintiff's protected activity, Defendant failed to stop the sexually inappropriate conduct, failed to take appropriate remedial actions to address the sexual harassment, and performed a sham investigation.

36. Instead, Defendant retaliated against the Plaintiff because of her protected activity by terminating her employment for false and pretextual reasons. Plaintiff was terminated on the stated basis that she made racially derogatory comments and refused to interact with certain customers based on race. Plaintiff performed her job aptly and Defendant's stated reason for termination are false and pretextual and designed to cover up their discriminatory and retaliatory motives.

37. Defendant's conduct constitutes unlawful retaliation for Plaintiff's protected Civil Rights activities is in violation of Title VII of the 1964 Civil Rights Act, and amendments thereto, 42 U.S.C. 2000e *et seq*., for which Defendant is liable.

38. Defendant's retaliatory conduct proximately caused Plaintiff damages including: loss of salary and benefits, loss of earning capacity and future earnings, back pay, front pay, and other benefits, as well as reputational loss and mental and emotional suffering. Further, Defendant's conduct was willful and wanton and Plaintiff is entitled to punitive damages for the same. Plaintiff also requests pre-judgment interest and attorney's fees and costs of this action, and any other legal and equitable remedies available under the law.

**FOR A THIRD CAUSE OF ACTION**
**(Defamation and Defamation *Per Se*)**

39. Where not inconsistent herewith, Plaintiff realleges the foregoing paragraphs.

40. The Defendant, by and through its agents and employees, falsely accused the Plaintiff of making racist remarks and refusing to serve certain tables for racial reasons.

41. The Defendant published these statements to employees and others at the Rock Hill, SC restaurant in or around June and July of 2015. Moreover, the Defendant terminated the

Plaintiff for these false reasons thus further defaming the Plaintiff by acts as well as words. These publications are outside the scope of any alleged privilege and hurt the Plaintiff's reputation.

42.     The defamatory actions and words of Defendant's personnel acting as agents and servants within the course and scope of their employment as set forth herein have directly and indirectly promulgated to the public at large the false insinuation that Plaintiff is a racist and unfit in her profession.

43.     Such a portrayal is false, known to be false, made with malicious intent to harm the Plaintiff, and in reckless disregard of the truth and defamatory *per se*. Further, that the above constitutes defamation by actions as well as words and is actionable under the laws of the State of South Carolina; and such defamatory actions and words are outside of or exceed the scope of any alleged privilege or immunity.

44.     That as a direct and proximate result of the aforesaid defamation, Plaintiff has suffered injury to her reputation, loss of income and benefits, emotional distress, and mental anguish and she is entitled to an award of damages, costs and attorneys' fees, and punitive damages to the extent allowed by law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant for lost income, back pay, front pay, future earnings, benefits, reputational loss, pain and suffering and other actual and compensatory damages in an amount to be determined by a jury as well as an award of punitive damages for the willful, intentional and malicious treatment given to her. Plaintiff is entitled to any equitable, actual, compensatory and punitive damages for the conduct alleged in this action.

Plaintiff last prays for attorney's fees and costs, prejudgment interest, and any such other relief as the Court may deem just and proper.

*Respectfully submitted by,*

**J. LEWIS CROMER & ASSOCIATES, LLC**

BY:  s/Julius W. Babb, IV
      J. Lewis Cromer (#362)
      Julius W. Babb, IV (#10500)
      1418 Laurel Street, Suite A
      Post Office Box 11675
      Columbia, South Carolina 29211
      Phone  803-799-9530
      Fax     803-799-9533

*Attorneys for Plaintiff*

August 2, 2016
Columbia, SC